UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO: 3-12-532 |
| ) | JUDGE Campbell |
| FRIENDSHIP HOME HEALTH, INC.; ) | |
| FRIENDSHIP HOME HEALTH AGENCY, LLC; ) | |
| FRIENDSHIP HOME HEALTHCARE, INC. a/k/a ) | |
| FRIENDSHIP HEALTHCARE SYSTEMS, INC.; and ) | |
| FRIENDSHIP PRIVATE DUTY, INC. a/k/a ) | **FILED UNDER SEAL** |
| ANGEL PRIVATE DUTY AND HOME HEALTH, INC.; ) | |
| ) | |
| Defendants. ) | |

## [PROPOSED] TEMPORARY RESTRAINING ORDER
TRO

On this 25 day of May 2012, at 2:45 p.m., upon consideration of Plaintiff United States of America's Motion for Temporary Restraining Order and Preliminary Injunction, pursuant to 18 U.S.C. § 1345, the complaint filed by plaintiff United States of America, the memorandum of points and authorities in support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and the Declaration of Special Agent Patrick Petty, the Court finds that the United States has made a sufficient showing that:

1. Defendants Friendship Home Health, Inc.; Friendship Home Health Agency LLC; Friendship Home Healthcare, Inc. a/k/a Friendship Home Healthcare Systems, Inc.; Friendship Private Duty, Inc. a/k/a Angel Private Duty and Home Health, Inc.,; are violating, and, unless enjoined, will continue to violate 42 U.S.C. § 1320a-7b and 18 U.S.C. § 1347, and have committed, and, unless enjoined, would continue to commit a federal health care offense through the submission of false and fraudulent claims to the Medicare program;

2. Defendants are alienating or disposing of property, and intend to alienate or dispose of property, obtained as a result of a Federal health care offense, property which is traceable to such violation, or property of equivalent value; and

3. Provision of advance notice to the Defendants will likely aggravate the damage that the Order seeks to prevent because advance notice will provide the Defendants with the opportunity to transfer, expend, or conceal the remaining property.

Based on the foregoing, the Court hereby concludes as follows:

4. That the requested relief be considered and GRANTED without prior notice to the Defendants; and

5. Because the United States' motion is based upon 18 U.S.C. § 1345, which expressly authorizes injunctive relief to protect the public interest, no specific finding of irreparable harm is necessary, no showing of the inadequacy of other remedies at law is necessary, and no balancing of the interests of the parties is required prior to the issuance of a temporary restraining order in this case.

After consideration of the foregoing, it is hereby ORDERED that the Defendants, their respective owners, agents, employees, attorneys, and all persons acting in concert and participation with them, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, who receive actual or constructive notice by personal service, by publication, or otherwise, be enjoined as follows:

1. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, any monies or sums, other than those required to operate their businesses in the normal course of business and meet patient care obligations, presently deposited, or held on behalf of any Defendant by any financial institution, trust fund, or other financial entity, public or private, that are proceeds or profits from Defendants' Federal health

care offenses or property of an equivalent value of such proceeds or profits, including but not limited to, the following accounts:

| Bank Name | Account Holder | Account Number |
|---|---|---|
| Regions Bank | Friendship HHC, Inc. | XXXXXX5168 |
| Regions Bank | Friendship PD | XXXXXX4672 |
| Regions Bank | Friendship HHC, Inc. | XXXXXX2894 |
| Regions Bank | Friendship PD | XXXXXX7705 |
| Regions Bank | Friendship HHA | XXXXXX6348 |

2. From alienating, withdrawing, transferring, removing, dissipating, or otherwise disposing of, in any manner, assets, real or personal (including, by way of example only, real estate, motor vehicles, boats and watercraft, jewelry, artwork, antiques, household furniture and furnishings, etc.), in which any Defendant has an interest, up to the equivalent value of the proceeds of the Federal health care fraud.

**IT IS FURTHER ORDERED** that Defendants, their respective owners, agents, employees, attorneys, and all persons acting in concert and participation with them, including all banking and other financial institutions at which they do business, and all corporations over which they exercise control, to:

3. Provide a weekly accounting of all deposits, withdrawals, or transfers of any kind from all accounts of any kind held by or on behalf of any Defendant by any financial institution, trust fund, or other financial entity, public or private, including, but not limited to, those listed above to the United States by 10:00 am Monday of the following week.

4. Obtain permission from the United States for any withdrawals or transfers of any kind which are equal to or greater than $25,000 from all accounts of any kind held by or on behalf of any Defendant by any financial institution, trust fund, or other financial entity, public or private, including, but not limited to, those listed above.

5. Preserve all business, financial, and accounting records, including bank records, that detail any Defendant's business operations and disposition of any payment that directly or

3

indirectly arose from the payment of money to any Defendant on behalf of the Medicare program or any other health care benefit program;

6. Preserve all medical records, including patient records, that relate to any Defendant's business operations and/or to services for which claims were submitted to the Medicare program;

7. Provide to the United States within one calendar week the following:

   a. a list of all post office boxes or other locations at which mail addressed to each Defendant is received by or on behalf of each Defendant;

   b. a list of all financial institutions, including but not limited to banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which money has been deposited in any Defendant's name or in the names of any of their owners, agents, employees, officers, persons acting in concert with them, or any business names under which they operate, together with the number or other designation of each such account or box;

   c. a list of all financial institutions, including but not limited to, banks and brokerage houses, at which there are now, or have been maintained in the past three years, any savings, checking, money market, investment, retirement, or any other kind of account or other safe deposit box into which monies received in response to any of the activities described in the United States' complaint, have been deposited, together with the number of such box or other designation of each such account or box; and

d. the names, addresses, and telephone numbers of any individuals who have received remuneration of any kind for assisting in record-keeping, bookkeeping, accounting, brokering, or financial, investment, or tax advice or consultation for any Defendant in the past three years;

8. Within two calendar weeks, complete a Financial Disclosure Statement form provided by the United States.

**IT IS FURTHER ORDERED** that the United States shall promptly attempt to provide notice of this action and this Order to Defendants by, to the extent necessary, attempting service at last known addresses and by attempting telephone notice via known telephone numbers. Pursuant to 18 U.S.C. § 1345(a)(3) and Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff United States of America shall not be required to post security for the instant action.

This temporary restraining order shall remain in force until the close of business on the __8__ day of __June__, 2012, or at such later date as may be extended by the Court, or agreed upon by the parties.

The parties shall take notice that this matter shall come before the Court for a preliminary injunction hearing on the __8__ day of __June__, 2012, at __9:00 A.M.__, ____ m., in accordance with Plaintiff's complaint and motion for injunctive relief. Defendants may request an earlier hearing on the terms of this temporary restraining order in accordance with the terms of Federal Rule of Civil Procedure 65.

**IT IS SO ORDERED** this __25__ day of May, 2012.

_Todd C. Lee_
UNITED STATES DISTRICT JUDGE

5